KUNE v. FITZGERALD BROS. BREWING CO.

(Supreme Court, Appellate Division, First Department.   November 15, 1901.)

1. CONTRACT FOR SERVICES—CONSTRUCTION—EXPENSES.
    Where, on proposing to enter defendant's employ, plaintiff asked that
    defendant furnish him with all money required for his expenses weekly,
    "upon presentation of my bills," and defendant replied that he could not
    make such agreement, it being too unlimited, and plaintiff thereupon ac-
    cepting the original proposition, defendant was under no obligation to
    pay such expenses.

2. SAME—DISMISSAL OF COMPLAINT.
    Where, in a suit for breach of contract of services, plaintiff set up that
    defendant agreed to furnish his weekly expenses, and refused to do so,
    but the evidence failed to establish any such agreement, and showed that
    plaintiff refused to continue work unless the expenses were paid, the
    complaint should have been dismissed.

3. SAME—BREACH—WHAT CONSTITUTES.
    Where an employé persistently refused to continue his employment un-
    less his unauthorized demand for the payment of his weekly expenses
    was acceded to, a statement by his manager that he was through with
    the employé's services did not amount to a breach of the contract by
    the employer, the same having been already broken by the employé.

Appeal from trial term.

Action by Henry Kune against the Fitzgerald Bros. Brewing
Company.   From a judgment for plaintiff, and from an order deny-
ing a new trial, defendant appeals.   Reversed.

Argued before VAN BRUNT, P. J., and HATCH McLAUGH-
LIN, O'BRIEN, and INGRAHAM, JJ.

Lyman W. Redington, for appellant.
Herman Aaron, for respondent.

INGRAHAM, J.   It would appear from an examination of the
complaint that the sole breach of this contract relied on by the
plaintiff was the refusal of the defendant to pay to the plaintiff the
amount claimed by him as expenses incurred in the prosecution of
his work, basing his cause of action upon a breach of the obligation
of the defendant to pay the amount of expenses necessary and
proper to be incurred by him in connection with his services under
his employment.   The contract, as alleged in the second paragraph
of the complaint, is "that the said defendant also agreed, as one of
the terms and conditions of said employment, during the entire
period of said employment to provide for and pay to the plaintiff
the amount of expenses necessary and proper to be incurred by
him in connection with his services under the said employment."
The contract also required the defendant to furnish the plaintiff with
a horse and buggy, the further allegation being that during the
month of July the defendant demanded that the plaintiff deliver the
horse and buggy theretofore furnished by the defendant; that the
plaintiff refused to deliver the said horse and buggy until about the
12th of August, 1897, when the plaintiff delivered the said horse
and buggy under protest, and upon condition that the remaining
terms of the contract of employment remain in full force and effect.

Just what the plaintiff imagined that this allegation of a delivery under protest amounted to is not apparent, as he relinquished his right to the horse and buggy upon condition that the remaining terms of the contract of employment remain in full force and effect, and that was accepted by the defendant. The allegation of a breach of the contract appears to relate solely to a refusal of the defendant to pay the expenses incurred by the plaintiff in the performance of his work; and under this complaint it would appear that, to sustain the cause of action against the defendant, the plaintiff was bound to show that the defendant had agreed to pay these expenses, and that a refusal so to pay constituted a breach of the contract. Thus the plaintiff expressly alleges that since the 17th of August he has been wholly unable to render any services under the said employment, "and will be wholly unable so to do until the said defendant agrees to pay the amount of expenses proper and necessary to be incurred by the said plaintiff as aforesaid." Upon the trial the plaintiff failed to prove any contract by which the defendant undertook to pay these expenses. The contract was proved by certain correspondence between the plaintiff and the defendant. In the proposition by the plaintiff to the defendant to make a contract in regard to his services, the plaintiff asked the defendant to · agree that the defendant would furnish him with all money required by him for so-called "confidential expenses" in furthering the sale of their goods, "to be met by your New York City office weekly upon presentation of my bills therefor." In reply to that the defendant said:

"You will see we could not agree to furnish you all moneys required by you for so-called 'confidential expenses,' &c., &c., as that would be altogether too unlimited, and would make you the arbiter of what is properly our option."

This the plaintiff accepted. The evidence of a breach offered by the plaintiff related almost exclusively to these expenses, and the evidence shows that the plaintiff expressly refused to continue in the employ of the defendant unless they paid him these weekly expenses. The court held, and we think correctly, that the defendant was under no obligation to pay these confidential expenses; and thus, the plaintiff having failed to prove the contract as alleged, and having failed to prove the breach which he alleges as the basis of his cause of action, it would appear that the defendant was entitled to a dismissal of the complaint.

After the plaintiff rested, the defendant moved to dismiss the complaint upon the ground that the evidence "shows that the plaintiff insisted upon the payment of the money which he was not entitled to under the contract, and that he himself committed a breach of the contract," and also that:

"If it was a completed contract, and binding upon both parties, it contained no provisions for the payment of confidential or weekly expenses, so called, to be paid by the defendant; and the refusal of plaintiff to continue his work unless said expenses were paid affected a breach of the contract by plaintiff himself, relieving the defendant from further performance."

This motion was denied, and at the end of the case the defendant renewed the motion upon the same ground, which was again denied. In submitting the case to the jury the court held—as we think, correctly—that the right of the plaintiff to be furnished a horse and buggy by the defendant was waived by the plaintiff upon his return of that horse and buggy to the defendant, and that a fair interpretation of the letters showed that it was optional with the defendant to give the plaintiff money for his expenses or not, as it might seem wise and proper in the judgment of the officers of the defendant, and then left it to the jury to say whether the defendant gave up his employment and declined to continue for the reason that the defendant violated the agreement in not furnishing the necessary expenses. The question submitted by the court to the jury was:

"What is the fact? Was it the breach by the defendant, or did he discontinue his services for the reasons I have stated? If the latter, then your verdict should be for the defendant. If the defendant was guilty of a breach of contract, and the plaintiff was ready and willing at all times to fulfill the contract on his part, then he is entitled to a verdict, and the measure of damages is as I have indicated to you already."

Thus the court eliminated from the consideration of the jury the only breach of the contract alleged in the complaint, and upon which the plaintiff based his right to a recovery, by holding that a correct construction of the contract did not require the defendant to furnish the plaintiff with these expenses, and that the refusal of the defendant to furnish the expenses was not a breach of any contract that they had made. But the plaintiff obtained a recovery because of a breach of a contract which was not alleged, and which a review of the evidence shows was not proved. The plaintiff admitted in his testimony, confirmed by his letters and telegrams to the defendant, that he had demanded of the defendant that he should be paid these expenses; that the plaintiff had refused to waive his demand for them, and had refused to continue in the employment unless that demand was acceded to. It was only in September, after the plaintiff had persistently refused to go on with the employment unless the defendant agreed to pay him for these expenses, that the defendant's manager told the plaintiff, "We are through with you." And certainly, in view of the plaintiff's persistent refusal to continue in the defendant's employ unless this demand, which was entirely unjustified, was acceded to, such a statement cannot be considered a breach of the agreement of employment by the defendant. I think it quite clear that, upon the plaintiff's own evidence, he was guilty of a breach of his contract, by demanding to be paid these expenses, to which, under his contract, he was not entitled, and refusing to proceed under the contract unless that claim was allowed.

It follows that, upon the pleadings and the evidence as presented, the plaintiff was not entitled to recover, and the complaint should have been dismissed. The judgment and order must therefore be reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.